M'LEAN *against* M'LEAN.

*Hartford,*
November,
1815.

THIS was an action of *indebitatus assumpsit* for money had and received to the plaintiff's use.   The cause was tried at *Danbury, September* term 1815, before *Trumbull, Baldwin,* and *Ingersoll,* Js.

On the trial it appeared, that the plaintiff and defendant, and their mother *Deborah M'Lean,* were executors of the last will of *John M'Lean,* deceased.   Evidence was introduduced to shew, that the estate of the deceased was settled, and the administration accounts of the executors were closed ; that long after such settlement, *viz.* in *December* 1808, there was discovered in the city of *New-York* a loan-office certificate of 550 dollars, together with 107 dollars 25 cents interest, belonging to the estate, which had not been inventoried ; that the plaintiff and defendant, only surviving sons of the deceased, were each entitled, under a residuary clause in the will, to two tenths of all the personal estate of the deceased not specifically devised, after payment of debts, the daughters of the deceased being entitled to the other six tenths ; that the legatees soon afterwards agreed, that this certificate should not be inventoried, but should be sold, and the avails divided among them, and that the defendant should go to *New-York* as their agent for this purpose ; that the defendant accordingly went to *New-York,* and sold the certificate, and paid over to all the legatees, except the plaintiff, their respective proportions of the avails, but had never paid to the plaintiff his share ; to recover which is the object of this action.   There was also evidence to shew, that before the discovery of the certificate the legatees received their several portions of the personal estate of the deceased, and gave their receipts in full for the same ; that the time limited by the court of probate for the exhibition of claims against the estate expired on the 15th of *November* 1805 ; that on the 2d of that month, the legatees agreed that distribution of the personal estate of the deceased should be made immediately, and in order to secure the executors against such claims as might be exhibited within the time limited by the court of probate, by creditors in this state, or afterwards by creditors out of the state other than such as were then known to the executors, bonds were given by the daughters ;

In an action for money had and received to the plaintiff's use, it is no defence that the defendant has a distinct claim against the plaintiff for an equal or a greater sum, unless there has been an agreement between the parties to apply the latter claim in satisfaction of the former.

*Hartford,*
November,
1815.

M'Lean
*v.*
M'Lean.

that there was then known to be out-standing and unpaid, a claim in favour of *Franklin, Robinson* & Co. of the city of *New-York,* of 500 dollars and interest thereon, which claim was for a sum of money borrowed of them by the deceased in his life time for the use of the plaintiff, who had received the money before the death of the testator, and had given him a note for the amount ; that this note came into the hands of the plaintiff as executor ; and that the plaintiff, at the time of the division of the personal estate, agreed that he would pay this debt, as it was contracted for his benefit, and as security for such payment, delivered over his note to the other executors. The defendant claimed and offered evidence to prove, that the executors had been sued on the claim in favour of *Franklin, Robinson* & Co., and, the plaintiff having become a bankrupt, the defendant had been compelled to pay the same, and had no estate in his hands of the deceased or of the plaintiff, by which he could reimburse himself, except the sum demanded in this action. He therefore contended, that the court ought to instruct the jury, that although they should find that the estate was settled as before stated, and that the legacy had become the property of the legatees, and that the defendant received the money on the certificate as agent to the legatees, and not as executor ; yet if they should find the other facts to be as claimed by the defendant, they should find that the defendant had no money in his hands, which *ex æquo et bono* could be demanded by the plaintiff, and on that ground return a verdict in the defendant's favour. The court, however, charged the jury, that if they should be of opinion that the executors had unconditionally given up all claim to the certificate in that capacity ; that the certificate, by their assent, had become the absolute property of the heirs and legatees ; and that the defendant received it from them as their agent, to sell and pay over to them the avails ; they should find the issue for the plaintiff. A verdict was returned for the plaintiff, with one hundred twenty-four dollars, thirty-three cents, damages ; and the defendant moved for a new trial on the ground of a misdirection. The questions of law arising on this motion were reserved for the consideration and advice of the nine Judges.

*N. Smith* and *Sherman,* in support of the motion, conten-

ded that the *gravamen* of this action being that the defendant *ex æquo et bono* ought to pay the plaintiff money, there could be no recovery in a case where it appeared that more money was due from the plaintiff to the defendant. The condition of the parties at the time of bringing the action is to be looked to. On this ground *payment* may be given in evidence on *non assumpsit.* 1 *Chitt. Plead.* 471. Here there was no *indebtedness* at the time of bringing the action. The law, therefore, will not imply a promise to pay.

*Daggett* and *Hamlin,* contra, admitted, that in this form of action the plaintiff can recover so much only as appears to be due after making all reasonable deductions; but they insisted, that the jury ought not to be permitted to go beyond the transaction which gave rise to the plaintiff's claim. *Dale* v. *Sollet,* 4 *Burr.* 2134. *Longchamp* v. *Kenny, Doug.* 138. The plaintiff's recovery is not to be defeated because the defendant has a distinct claim against him. This point has already been settled in *Gunn* v. *Scovil,* by a unanimous opinion of this Court, *June* term 1811.(*a*)

(*a*) GUNN v. SCOVIL.

THIS was an action of *indebitatus assumpsit* for the rent of a house and a piece of land. On the trial, the defendant claimed, that he had sold and delivered to the plaintiff a yoke of oxen and a horse, and had furnished lumber, nails and other materials, which were used in building a house for the plaintiff, and had also performed services for the plaintiff; but the defendant did not claim, that there was any particular agreement that the property delivered and services rendered by him should be paid for in rent, or should be set off against the rent. The plaintiff contended, that the jury could not apply the defendant's claims in payment of the rent, nor deduct the amount therefrom, unless an agreement to that effect were proved. But the court charged the jury, that the action being founded on an implied promise to pay rent, was to be governed by equitable principles; that the plaintiff was not entitled to recover unless a debt was due to him in equity; and that they might consider the expenditures and services of the defendant, and apply the same on account of the rent, without an express agreement to make such application. Under this direction the jury found a verdict for the defendant; and the plaintiff moved for a new trial. This motion was afterwards argued before the nine Judges, and a new trial granted. Their opinion was delivered to the following effect, by

TRUMBULL, J. The action on implied *assumpsit* is an equitable action. The sum only which was justly due at the time of the promise laid in the declaration can be recovered; and the defendant is admitted to prove all equitable circumstances which can avail him to lessen the sum demanded.

But these must be such facts and circumstances as arose out of the transactions which are the ground of the action, and form the consideration of the

*Hartford,*
November,
1815.

M'Lean
*v.*
M'Lean.

The claim of the defendant is in reality a claim of set-off. It is not a satisfaction; for there has been no accord. It cannot be payment, for a similar reason, that it never was agreed by the parties to apply the defendant's demand in payment of the plaintiff's. But in this case there could be no set-off. First, because the claims are not *mutual* claims. 1 *Selw. N. P.* 167. 6 *Bac. Abr.* 136. (*Wils.* edit.) *Thomason* v. *Frere,* 10 *East* 418. Secondly, because the defendant's claim is not *certain* and *liquidated.* 1 *Selw. N. P.* 598.

SWIFT, Ch. J. The plaintiff in this action claims to recover a certain sum of money which the defendant received to his use. The defendant offers to apply in satisfaction thereof a sum due for money paid on his account, and which is a separate and independent demand. It has been urged, that mutual debts for money only may in this action be applied in satisfaction of each other. But we have no statute of set-off; and at common law no such application can be made, without an agreement of the parties, express or implied. Where in mutual dealings it appears from the nature of the transaction, that money, or any articles, were received on account, and to apply in payment of each other, the law will imply a promise only for the payment of the balance. But if the demands, though mutual, are unconnected, each gives a separate, independent right of action. If we admit the defendant to make such set-off, the plaintiff then might rebut such claim by another; and in this way, in an action of *assumpsit* for a small sum, a great variety of mutual demands on both sides might be exhibited; the plaintiff could recover only for the balance due on adjusting the whole;

promise. The defendant can set up no separate, independent claim, nor can any set-off of mutual demands in equity be made, in this action, with more propriety than in any other action at law.

It seems, that in the present case, the defendant contended, that although there was no particular agreement concerning the rent to be paid for the use of the land, or the application of the amount of the articles advanced and services rendered by the defendant in payment; yet from the nature of the transaction, and the conduct of the parties, it appeared in evidence, that it was their understanding and agreement that these mutual demands should be settled on a final adjustment of their accounts, and that the one should be applied in satisfaction of the other. If this were the case, it was solely in the province of the jury to find and decide it accordingly; and the evidence of the fact ought to have been left to their consideration. Until that fact should be established, the law would not warrant them to apply those services and advancements in satisfaction for the use and occupation of the land.

while the defendant could not recover, if the balance should be in his favour. Such enquiries in this form of action would be attended with great inconvenience, while complete justice could not be accomplished. It is much better to leave the parties to their mutual remedies than to introduce such a principle and practice.

In this opinion the other Judges severally concurred.

New trial not to be granted.